```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                                    )
GEOFFREY ADAMS,                     )
                                    )
         Plaintiff                  )
                                    )
     vs.                            )
                                    )
MARDI HUNSBERGER, GARY HILER,       )
PENNSYLVANIA DEPARTMENT OF          ) Civil Action No. 04-213J
CORRECTIONS, IVORY BARNETT and      ) Judge Kim R. Gibson/
ROBERT BITNER,                      ) Magistrate Judge Amy Reynolds Hay
                                    )
         Defendants                 )
                                    )
                                    )
                                    )
```

## MEMORANDUM ORDER

Geoffrey Adams ("Plaintiff") has filed a civil rights action. The Defendants, have filed a motion to dismiss or in the alternative, a motion for a more definite statement. The court will treat the motion as one for more definite statement and require that Plaintiff file an amended complaint.

The original complaint alleged retaliation, violations of the Americans with Disabilities Act, and apparently, violations of Procedural Due Process. However, it was vague with respect to which defendants did what to Plaintiff and when they did it. In his response to the Defendants' motion, Plaintiff added allegations in the response that were not part of the original complaint. Because he may not amend his complaint by anything other than an amended complaint, he will be required to file an amended complaint. Grayson v. Mayview State Hospital, 293 F.3d

103, 109 n.9 (3d Cir. 2002)("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading."). Accord Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Given that Plaintiff is pro se, it is suggested that in that complaint, he should set forth simply and concisely which defendant did what to him and roughly when they did it. Insofar as he is alleging retaliation, he will be required to "'put forward specific, nonconclusory factual allegations' that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal[."] Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

    Accordingly, this 24th day of March, 2006, it is hereby **ORDERED** that the Defendants' Motion, Doc. No. 19, to dismiss or in the alternative for a more definite statement is to be treated as a motion for more definite statement and as such, is **GRANTED**. To the extent that the motion sought to dismiss the complaint, it IS DENIED as moot. The Plaintiff is **ORDERED** to file an amended complaint by April 20, 2006. The amended complaint shall set forth in a simple and concise manner which defendant did what to Plaintiff and the approximate date in time when it was done. See Fed.R.Civ.P. 8.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court.  Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


cc:  Geoffrey Adams
     AJ-2049
     SCI Frackville
     1111 Altamont Boulevard
     Frackville, PA 17931

     Craig E. Maravich
     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219